IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

---

SPIRIT LAKE TRIBE, and
MYRA PEARSON, individually,

    Plaintiffs,

v.                               CIVIL ACTION NO. 2:10-cv-095

BENSON COUNTY, NORTH DAKOTA;
BENSON COUNTY BOARD OF
COMMISSIONERS; CURTIS HVINDEN,
DAVID DAVIDSON, MICHAEL STEFFAN,
LOWELL HAAGENSON, and JASON LEE,
in their official capacity as members of the
County Board of Commissioners; and
BONNIE ERICKSON, in her official capacity
as the County Auditor
for Benson County, North Dakota,

    Defendants.

---

### CONSENT JUDGMENT AND DECREE
### AND STIPULATION OF THE PARTIES

The Spirit Lake Tribe and Myra Pearson, individually, (hereafter "the Tribe") filed this action asserting that Benson County and the individual Defendants (hereafter "the County") violated voting rights guaranteed by Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973; 42 U.S.C. § 1983; the Indian Citizenship Act; and the 14th and 15th Amendments to the United States Constitution. The Tribe contended, in addition to other allegations, that actions by the County in closing seven (7) of eight (8) voting stations within the County presented a disparate impact upon Tribal members and

other American Indians residing on or near the Tribe's Reservation, negatively restricting their opportunity to vote. The County, by Answer, denied the Tribe's allegations, and asserted that no disenfranchisement occurred, as the County made voting by mail-in ballot available. In addition, the County asserted various defenses to the Complaint.

The Tribe, in addition to other relief, sought a Preliminary Injunction enjoining closure of polling stations located at Fort Totten, Warwick, and Oberon as to the 2010 General Election and further sought a Permanent Injunction, applicable to future elections. On October 21, 2010 the Court issued its' "Memorandum Opinion & Order Granting in Part and Denying in Part Motion for Preliminary Injunction", a copy of which is attached as Exhibit A and incorporated herein.

In order to avoid a prolonged, expensive and potentially divisive litigation, the Parties agreed to a compromise settlement of all of the issues in the case with the exception of whether the Tribe is entitled to recover attorney's fees and costs, (and if so, in what amount). Accordingly, the parties have herein agreed as follows as an appropriate resolution of this action.

## FACTUAL STIPULATIONS OF THE PARTIES

1. Plaintiff, Spirit Lake Tribe, is a federally recognized American Indian Tribe governed by a revised Constitution dated May 5, 1960, approved by the Acting Commissioner, Bureau of Indian Affairs, July 14, 1961, and subsequently amended on July 17, 1969; May 3, 1974; April 1, 1976; May 4, 1981; and August 19, 1996. The Tribe is governed by its Tribal Council ("Tribal Council"). Plaintiff Myra Pearson is an enrolled member of the Tribe who recently

concluded her service as Chairperson of the Tribe. She resides within Benson County within the Spirit Lake Reservation.

2. Defendant Benson County Board of Commissioners ("County Board") is the official governing authority of Benson County, North Dakota, as established under the laws of the State of North Dakota, consisting of five (5) members, and exercises legislative and executive powers in Benson County. Individual Defendants CURTIS HVINDEN, DAVID DAVIDSON, MICHAEL STEFFAN, LOWELL HAAGENSON, and JASON LEE are members of the Benson County Board of Commissioners. Defendant BONNIE ERICKSON is the Benson County Auditor. The individual Defendants have each been named in this action in their respective official capacity.

3. The County Board on December 1, 2009 voted to implement an election process relying upon increased voting by mail which would close seven (7) of eight (8) voting stations that had previously been maintained, including the voting stations at Fort Totten, and Warwick, within the Spirit Lake Reservation, along with Oberon, which is located adjacent to the Reservation. The County seat, Minnewaukan, was identified as being the only location within the County to retain a polling station.

4. As a full, final and complete settlement of this matter, apart from the issue of payment of attorney fees and costs, the Parties have agreed that the Court may

3

enter a Consent Judgment and Decree containing the terms as set forth below. The Parties reach this Agreement with the understanding that neither their Agreement nor this Consent Judgment and Decree of the Court is an adjudication on the merits. The Tribe takes the position that the preliminary injunction was at least a partial adjudication on the merits. The County takes the position that the preliminary injunction was not an adjudication on the merits.

## CONSENT JUDGMENT AND DECREE

I. This Court has jurisdiction over this action pursuant to 42 U.S.C. 1973j(f) and 28 U.S.C. 1345.

II. The voting place located in Fort Totten, North Dakota, shall remain open to the public for future General Elections, and be operated in substantially the same manner as it has been historically. Should the County, in the future, seek to discontinue the Fort Totten site, it may petition the Court to permit such closure. The standard upon which the Court would review whether the Fort Totten site might be closed is that the County would have the burden to establish to the Court that such closure would not have a disparate impact upon members of the Spirit Lake Tribe and other American Indians residing within the Spirit Lake Reservation.

III. The voting station located in Warwick, North Dakota, shall remain open to the public for future General Elections, and be operated in substantially the same

        manner as it has been historically, subject to the following:

        A. Should the total vote at the Warwick site for any future election, where the Office of U.S. President is on the ballot, be less than 80% of the vote total of the lower of the two immediately prior presidential elections; or

        B. Should the number of voters at the Warwick site, for any non-presidential General Election, total less than 80% of the vote total of the lower of the two most immediate comparable non-presidential elections;

        the County may discontinue the Warwick site following consultation with Tribal officials, and consideration of alternatives to closure that may be suggested on behalf of the Tribe.

IV.    The voting station previously located in Oberon, North Dakota shall remain closed, subject to the discretion of the County.

V.    The restrictions as to respective closure of the Fort Totten and Warwick voting sites, set forth above, shall control, even if new legislation would otherwise permit the closure of either the Fort Totten or Warwick polling site. Should new legislation provide for greater voting opportunity than set forth herein, said legislation will be applicable.

VI.    In order to achieve better communications, the Benson County Board and Spirit Lake Tribal Council shall adopt a program of formal and informal meetings. There shall be two meetings between the Benson County Board and Spirit Lake Tribal Council each year. One meeting will be in Minnewauken, and shall precede a County Board meeting. The other meeting shall be within the Spirit

Lake Reservation, at a site to be designated by Tribal Council. During the months that do not include such formal meetings, there shall be an informal meeting between an appointee of the Tribal Council and an appointee of the County Board to discuss issues of interest. Such informal meetings may be held in person or by telephone.

VII. Prior to filing a formal Petition with the Court for payment of attorney fees and costs, the Tribe will submit an itemization of services by its attorneys, and costs incurred, for review by the County. The Parties shall thereupon discuss with one another whether a settlement as to attorney fees and costs can be achieved, or alternatively, whether any dispute as to such might be narrowed. Should an agreement not be achieved, the Tribe reserves the right to thereafter file a formal petition for attorney fees, costs, and disbursements for Court determination requesting an award of such sums as the Tribe may assert to be appropriate. The County reserves the right to contest both whether the Tribe is entitled to recover attorney fees and/or costs, and disbursements, and, if so, to contest the amount of attorney fees, costs, and disbursements sought to be recovered by the Tribe. The Court shall review the Tribe's Petition and the County's Response along with supporting arguments as may be submitted, and may enter such Order as it finds to be proper. The Parties shall have the right to appeal from that Order. Consistent with the parties' stipulation, this Consent Judgment and Decree is not an adjudication on the merits. The Tribe takes the position that the preliminary injunction was at least a partial adjudication on the merits. The County takes the

position that the preliminary injunction was not an adjudication on the merits.

VIII. The Court shall retain jurisdiction over this matter to enforce the provisions set forth herein, and for such further relief as may be appropriate. The contempt powers of the Court shall be available to address any violation hereof. Nothing in this document shall be construed as an admission or acknowledgment by the County that it has engaged in a discriminatory act.

SO ORDERED AND ENTERED

this 4th day of October, 2011.

*[signature: Ralph R. Erickson]*

The Honorable Ralph R. Erickson
Chief District Judge
United States District Court
District of North Dakota

APPROVED AS TO CONTENT AND FORM

ATTORNEYS FOR PLAINTIFFS SPIRIT LAKE TRIBE
AND MYRA PEARSON

*[signature: Larry B Leventhal]*

LARRY B LEVENTHAL (MN ID 0062534)
Elizabeth C. Royal (MN ID 0327207)
LARRY LEVENTHAL & ASSOCIATES
319 Ramsey Street
St. Paul, Minnesota 55102
Tel: (612) 333-5747

Date: Sept. 22, 2011

*[signature: Derrick Braaten]*

DERRICK BRAATEN (ND ID 06394)
Rudra Tamm (ND ID 06103)
Sarah Vogel (ND ID 03964)
BAUMSTARK BRAATEN LAW PARTNERS
222 N 4th Street
Bismarck, ND 58501
Phone: (701) 221-2911

Date: Sept. 29, 2011

_____
MICHELLE RIVARD PARKS
Spirit Lake Tribal Offices
P.O. Box 359
Fort Totten, ND 58335
Phone: (701) 766-4221

Date: 9-27-11

ATTORNEYS FOR DEFENDANTS BENSON COUNTY, NORTH DAKOTA; BENSON COUNTY BOARD OF COMMISSIONERS; CURTIS HVINDEN, DAVID DAVIDSON, MICHAEL STEFFAN, LOWELL HAAGENSON, and JASON LEE, in their official capacity as members of the County Board of Commissioners; and BONNIE ERICKSON, in her official capacity as the County Auditor for Benson County, North Dakota

| | |
|---|---|
| _____<br>JON J. JENSEN<br>PEARSON CHRISTENSEN & CLAPP, PLLP<br>24 North 4th Street<br>P.O. Box 5758<br>Grand Forks, ND 58206<br>Tel: (701) 775-0521<br>Email: jjensen@grandforkslaw.com<br><br>Date: 9/7/11 | _____<br>RONALD F. FISCHER<br>PEARSON CHRISTENSEN & CLAPP, PLLP<br>24 North 4th Street<br>P.O. Box 5758<br>Grand Forks, ND 58206<br>Tel: (701) 775-0521<br>Email: rfischer@grandforkslaw.com<br><br>Date: 9-7-2011 |

_____
JAMES WANG
WANG LAW OFFICE  Benson County State's Atty
P.O. Box 211
110 Main Street East
Minnewakan, ND 58351
Tel: (701) 473-5338
Email: jameswang@gondtc.com

Date: 9-01-2011